NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3391
_____

MANUEL HERNANDEZ,
                               Appellant

v.

CORRECTIONS EMERGENCY RESPONSE TEAM; SECRETARY JOHN E.
WETZEL; SUPERINTENDENT TAMMY FERGUSON; JOHN/JANE DOE(S)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-03815)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 25, 2019

Before:  McKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed June 18, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Manuel Hernandez appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed his civil rights complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief could be granted. Because no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

Hernandez alleged in his complaint that when he and all other prisoners were moved from SCI Graterford to SCI Phoenix, many prisoners' possessions were destroyed or damaged, including his legal materials. The District Court dismissed his complaint without prejudice for failing to state a claim upon which relief could be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii). Dkt. #7. The order and accompanying memorandum (Dkt. #6) explained to Hernandez the deficiencies in the complaint, and allowed him thirty days in which to file an amended complaint. Dkt. #7.

Hernandez timely filed an amended complaint, alleging that, when prisoners' possessions were moved from Graterford to Phoenix, members of the Corrections Emergency Response Team ("CERT") "destroyed and/or discarded [his] legal material and paperwork to his pending criminal case . . . while [his] legal materials and paperwork were under the care, custody, control, and possession of CERT," that prison officials failed to investigate and attempted to cover up CERT's actions (in part, by suspending the grievance system), and that his grievance was eventually denied "without compensation, reimbursement and/or replacement of his legal materials and paperwork." Amended Complaint, Dkt. #8 at electronic pages 4, 9-10. Hernandez alleged that his

2

rights under the First, Fourth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution were violated, and that prison policy was also violated. Id. at 3. Hernandez asked for $60,000 in damages, which he calculated as the cost of replacing about 20,000 pages of his legal documents (including retrieval from archives, plus copy costs). Id. at 5. The District Court dismissed the amended complaint, determining that the complaint still failed to state a claim upon which relief could be granted. Hernandez timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), like that of a dismissal on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo. See generally Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We agree with the District Court that Hernandez's amended complaint fails to state a plausible constitutional claim. The Due Process Clause is not implicated by a state official's *negligent* act which causes loss of or damage to property. Daniels v. Williams, 474 U.S. 327, 328 (1986). To the extent Hernandez claims that prison employees or officials *intentionally* destroyed or lost his property, he has failed to state a procedural due process claim since a meaningful post-deprivation remedy for his loss was available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Hernandez was afforded an adequate post-deprivation remedy, through Pennsylvania's inmate grievance procedures. See

3

Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (prisoner had adequate post-deprivation remedy through grievance system that allowed prisoners to complain about "any" matter that is "unjust" and provided for direct appeal to the warden). The availability of the prison grievance process, which he utilized, forecloses Hernandez's due process claim. See Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008). Even if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would provide an adequate remedy. See 42 Pa. Cons. Stat. Ann. § 8522(b)(3).

To the extent Hernandez was raising a claim that he was denied access to the courts, we agree that he failed to allege, as required, that his efforts to pursue a legal claim were hindered and that he suffered an actual injury. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). Hernandez does not allege that he missed any deadline or otherwise was hindered in pursuing the post-conviction proceeding that was pending at the time his property was lost or destroyed.

For these reasons, and the additional reasons given by the District Court,[1] we agree that Hernandez's complaint failed to state a constitutional claim upon which relief could be granted. In reaching this conclusion, we do not wish to understate or minimize the loss that Hernandez has described in his complaint; we hold only that he has not stated a claim for the violation of a constitutional right.

We thus will affirm the District Court's judgment.

---

[1] We agree with the District Court that Hernandez's complaint also failed to state a claim under the Fourth, Eighth, and Ninth Amendments.